1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JAMES C. McCURDY,                         No.  2:21-CV-1764-JAM-DMC-P

12                    Plaintiff,

13        v.                                     ORDER

14    P. BLANCO, et al.,

15                    Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                            1

1    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2    with at least some degree of particularity overt acts by specific defendants which support the

3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4    impossible for the Court to conduct the screening required by law when the allegations are vague

5    and conclusory.

6

7                                    **I.  PLAINTIFF'S ALLEGATIONS**

8             Plaintiff brings claims against the following defendants: (1) P. Blanco, a sergeant

9    at California State Prison – Sacramento (CSP-Sac.), (2) Earles, a sergeant at CSP-Sac., and (3)

10   Hougland, a lieutenant at CSP-Sac.  See ECF No. 1, at 1.  Plaintiff asserts two claims.

11            Claim I

12            Plaintiff asserts a violation of the Eighth Amendment's Cruel and Unusual

13   Punishment Clause against Defendant Earles for grabbing Plaintiff's arms and cuffing him during

14   an interview regarding a prior complaint.  See ECF No. 1 at 3.  Plaintiff alleges that, on

15   November 13, 2017, Officer Brown escorted Plaintiff to the B-yard where Defendants Earles and

16   Blanco interviewed Plaintiff regarding a sexual assault allegation that occurred a year ago.  See

17   id.  Plaintiff asserts that he complained of abdominal pain during the interview, and Defendants

18   Earles and Blanco asked Plaintiff to remove his jumpsuit so they could document any injuries.

19   See id.  Plaintiff mentioned to Defendants Earles and Blanco that he was previously sexually

20   assaulted.  See id.  According to Plaintiff, Defendant Earles then "snapped and grabbed ahold of

21   my arms cuffed behind my back and wrenched them up over my head," causing Plaintiff to

22   scream.  Id.  Next, Plaintiff contends Defendant Earles "jerked me up and wrestled me threw [sic]

23   the door. . . ."  Id.  Plaintiff states he was dragged kicking and screaming to his cell with his pants

24   still down around his legs.  See id. at 3-4.

25   / / /

26   / / /

27   / / /

28   / / /

1    <u>Claim II</u>

2    Plaintiff also asserts a violation of his First Amendment rights.  <u>See id.</u> at 5.

3    Plaintiff alleges that Defendant Earles destroyed his "legal work" in retaliation which denied his

4    access to the courts.  <u>See id.</u> at 5.  It appears that Plaintiff is alleging that Defendant did not want

5    to hear about the prior sexual assault complaint, and that is what prompted Defendant to "destroy"

6    Plaintiff's "legal work."  Plaintiff further claims that Defendant Blanco was present and did

7    nothing.  <u>See id.</u>

8    Plaintiff alleges that on November 15, 2017, he met with Defendant Hougland for

9    an interview to discuss his complaints.  <u>See id.</u>  Plaintiff asserts that Defendant Hougland

10   "retaliated against me" by using "threats and intimidation" to attempt to cause Plaintiff to refuse

11   to go forward with the interview.  <u>Id.</u>  According to Plaintiff, Defendant Hougland said he would

12   use anything Plaintiff said in the interview to incriminate him in a pending criminal case against

13   Plaintiff arising from a charge of battery on a peace officer at a prior prison.  <u>See id.</u>

14

15   **II.  DISCUSSION**

16   The Court finds that Plaintiff states a cognizable Eighth Amendment excessive

17   force claim and a cognizable First Amendment retaliation claim against Defendant Earles.

18   Plaintiff has not, however, sufficiently pleaded any First Amendment claims – based either on

19   retaliation or denial of access to the courts – against Defendants Blanco or Hougland.  Plaintiff

20   also has not sufficiently pleaded a First Amendment access to the courts claim against Defendant

21   Earles.

22   **A.      Retaliation**

23   In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must

24   establish that he was retaliated against for exercising a constitutional right, and that the retaliatory

25   action was not related to a legitimate penological purpose, such as preserving institutional

26   security.  <u>See Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting

27   this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the

28   exercise of a constitutional right.  <u>See Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995);

1  Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also

2  show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by

3  the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also

4  Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must

5  establish the following in order to state a claim for retaliation: (1) prison officials took adverse

6  action against the inmate; (2) the adverse action was taken because the inmate engaged in

7  protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the

8  adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

9        Here, Plaintiff appears to claim that Defendant Blanco is liable because he sat by

10  and did nothing while Defendant Earles destroyed his property in retaliation.  Because Plaintiff

11  has not alleged any adverse action taken by Defendant Blanco, he has not stated a claim against

12  that defendant.  Plaintiff will be provided an opportunity to amend his allegations against

13  Defendant Blanco to the extent he can allege retaliatory conduct taken by Blanco.

14      **B.**    **Access to the Courts**

15        Prisoners have a First Amendment right of access to the courts.  See Lewis v.

16  Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64

17  F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance

18  procedures).  This right includes petitioning the government through the prison grievance process.

19  See id.  Prison officials are required to "assist inmates in the preparation and filing of meaningful

20  legal papers by providing prisoners with adequate law libraries or adequate assistance from

21  persons trained in the law."  Bounds, 430 U.S. at 828.  The right of access to the courts, however,

22  only requires that prisoners have the capability of bringing challenges to sentences or conditions

23  of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous

24  criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.

25  Therefore, the right of access to the courts is only a right to present these kinds of claims to the

26  court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-

27  55.

28  / / /

4

1    As a jurisdictional requirement flowing from the standing doctrine, the prisoner

2   must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to

3   contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-

4   frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).  Delays in

5   providing legal materials or assistance which result in prejudice are "not of constitutional

6   significance" if the delay is reasonably related to legitimate penological purposes.  Lewis, 518

7   U.S. at 362.

8    Here, as to both Earles and Hougland, Plaintiff appears to allege denial of access

9   to the courts.  Specifically, Plaintiff claims these defendants' conduct were intended to thwart his

10  ability to exhaust his administrative remedies, either with respect to the current claim or other

11  claims Plaintiff has made.  Plaintiff has not, however, alleged that he was actually prevented from

12  exhausting administrative remedies or that he was prejudiced thereby with respect to

13  contemplated or existing litigation.  Again, Plaintiff will be provided an opportunity to amend.

14

15                                      **III.  CONCLUSION**

16    Because it is possible that the deficiencies identified in this order may be cured by

17  amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

18  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

19  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

20  1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

21  prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An

22  amended complaint must be complete in itself without reference to any prior pleading.  See id.

23    If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

24  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

25  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

26  each named defendant is involved, and must set forth some affirmative link or connection

27  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

28  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5

1    Because the complaint appears to otherwise state cognizable claims, if no amended

2 complaint is filed within the time allowed therefor, the Court will issue findings and

3 recommendations that the claims identified herein as defective be dismissed, as well as such

4 further orders as are necessary for service of process as to the cognizable claims.

5    Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended

6 complaint within 30 days of the date of service of this order.

7

8 Dated:  December 2, 2021

9                  _____

10                  DENNIS M. COTA
                   UNITED STATES MAGISTRATE JUDGE