**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES C. MCCURDY,<br><br>        Plaintiff,<br><br>    v.<br><br>P. BLANCO, et al.,<br><br>        Defendants. | No. 2:21-cv-01764-DAD-DMC (PC)<br><br>ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. Nos. 26, 46, 61) |

Plaintiff James C. McCurdy is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 25, 2024, the assigned magistrate judge issued amended findings and recommendations recommending that defendants' motion to dismiss (Doc. No. 26) be granted. (Doc. No. 46.) Specifically, the magistrate judge concluded that plaintiff's claim for denial of access to the courts in violation of the First Amendment should be dismissed without leave to amend due to his failure to allege an actual injury and that plaintiff's claim for retaliation in violation of the First Amendment brought against defendants Blanco and Hougland be dismissed without leave to amend due to plaintiff's failure to exhaust his administrative remedies prior to bringing suit as required. (*Id.* at 6–14.)

/////

1         The pending findings and recommendations were served on the parties and contained

2 notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at

3 15.)  Despite requesting and receiving several extensions of time in which to do so (*see* Doc. Nos.

4 47, 48, 51, 52, 54, 55, 56, 57, 59, 60[1]), plaintiff has not filed any objections to the findings and

5 recommendations, and the time in which to do so has now passed.  The court acknowledges that

6 on March 10, 2025, it received a two-page handwritten submission from plaintiff that was dated

7 March 6, 2025.  (Doc. No. 61.)  Although somewhat difficult to decipher, there in plaintiff

8 appears to argue that he has been unable to file objections to the pending findings and

9 recommendation.  (*Id.* at 1.)  Plaintiff purports to ascribe his inability to file his objections to

10 medical and mental health conditions from which he suffers as well as the various claimed

11 conditions of his confinement, ranging from lack of access to the prison law library, to

12 confinement in administrative segregation, to retaliation at the hands of prison officials and denial

13 of adequate medical care.  (*Id.* at 1–2.)  Ultimately, plaintiff requests an additional 14 days to file

14 objections to the pending findings and recommendations.  (*Id.* at 2.)  As noted above, plaintiff has

15 previously been granted five extensions of time to file objections to the pending findings and

16 recommendations that were issued almost one year ago.  Moreover, despite the various

17 circumstances and conditions about which he has complained in his latest filing, plaintiff was able

18 to file with the court a very detailed submission on March 10, 2025, which clearly suggests that

19 he could have filed objections to the pending findings and recommendations if he desired to do

20 so.  Accordingly, plaintiff's request for yet another extension of time to file objections (Doc. 61),

21 will be denied.

22         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

23 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

24 findings and recommendations are supported by the record and by proper analysis.  In addition,

25 the court concludes that due to the nature of the deficiencies in plaintiff's amended complaint

26 addressed in the pending findings and recommendations the granting of further leave to amend as

---

[1] Under the last extension of time granted him, plaintiff's objections to the pending findings and recommendations were to be filed by March 3, 2025.

to those claims would be futile.

Accordingly:

1. Plaintiff's request for an additional 14 day extension of time to file objection (Doc. No. 61) is DENIED;

2. The amended findings and recommendations filed March 25, 2024 (Doc. No. 46), are adopted;

2. Defendants' request for judicial notice (Doc. No. 26-2), is GRANTED;

3. Defendants' motion to dismiss certain claims (Doc. No. 26), is GRANTED;

4. Plaintiff's First Amendment access-to-courts claim is DISMISSED as to all defendants, without leave to amend, for failure to allege an actual injury;

5. Plaintiff's First Amendment retaliation claims brought against defendants Blanco and Hougland are DISMISSED, without leave to amend, for failure to exhaust administrative remedies prior to bringing suit as required;

6. This action shall proceed on plaintiff's first amended complaint (Doc No. 12), on plaintiff's Eighth Amendment excessive force claim brought against defendant Earles only;

7. Defendant Earles shall file an answer to plaintiff's first amended complaint within 30 days of the date of this order;

8. The Clerk of the Court is directed to terminate Blanco and Hougland as defendants to this action; and

9. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 14, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3